**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**COVINGTON**

**CIVIL ACTION NO. 04-206**

**THE BANK OF KENTUCKY, INC.**

**PLAINTIFF**

**vs.**                        **MEMORANDUM ORDER**

**DAVID LARKIN,  ET AL.**                                **DEFENDANTS**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

On June 2, 2006, Plaintiff and Defendants Eric Moore and Randy O'Hara filed a joint

motion for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41.  (Doc. #71).

Defendants David Larkin, M.L. Pike, James Pike, Vintage Verandah, Inc., and Directional

Artworks (the "Arkansas Defendants") filed a response in opposition (Doc. #72).  Plaintiff

filed a reply on August 17, 2006 (Doc. #73), well outside the applicable time limits.  *See*

Joint Local Rule 7.1(c).  For that reason, the Court did not consider it in reaching the

conclusion(s) contained herein.

## I.  PROCEDURAL HISTORY

Having reached a settlement, Plaintiff and Defendants Moore and O'Hara filed a joint

Rule 41(a)(2) motion, seeking to voluntarily dismiss Plaintiff's remaining claims against the

Arkansas Defendants without prejudice.[1]  Although it claims to have no intention of re-filing,

Plaintiff is "unwilling to dismiss [its claims against] the Arkansas defendants with prejudice"

---

[1]The terms of the settlement are outlined in a proposed order attached to the joint motion.
Basically, Moore and O'Hara have agreed to pay Plaintiff $50,000, for which they are jointly and
severally liable (and to be paid in 2 lump sum payments followed by monthly installments).

1

because they have intimated that a malicious prosecution claim may be forthcoming.[2]  In their response, the Arkansas Defendants contend that: 1) they filed a motion for summary judgment on June 13, 2005,[3] 2) the motion is well-taken, and accordingly, 3) Plaintiff's claims should be dismissed with prejudice.  Notably, they make no mention of a malicious prosecution claim.

## II.  ANALYSIS

Federal Rule of Civil Procedure 41(a), which governs voluntary dismissals, states in pertinent part:

> ... an action shall not be dismissed at the plaintiff's instance save upon order of the court and *upon such terms and conditions as the court deems proper*. If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. *Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice*.

Fed.R.Civ.P. 41(a)(2) (emphasis added).  Whether dismissal should be granted under Rule 41(a)(2) is within the sound discretion of the Court.  *Grover by Grover v. Eli Lilly and Co.*, 33 F.3d 716, 718 (6th Cir. 1994) (citing *Banque de Depots v. Nat'l Bank of Detroit*, 491 F.2d 753, 757 (6th Cir. 1974)).  The primary purpose of requiring court approval is to protect the nonmovant from unfair treatment.  *Grover*, 33 F.3d at 718.  Generally, an abuse of discretion is found only where the defendant would suffer "plain legal prejudice" as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second

---

[2]Generally, in order to succeed on a claim for malicious prosecution, the plaintiff must establish not only that the underlying action was terminated in its favor, but also that it was resolved/adjudicated on the merits.

[3]That motion (Doc. #43-44) was denied without prejudice as premature by Order dated September 8, 2005 (Doc. #58).

lawsuit. *Id*.

In *Grover*, the Sixth Circuit identified four factors to consider in determining whether a defendant will suffer plain legal prejudice: 1) the defendant's effort and expense of preparation for trial, 2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, 3) insufficient explanation for the need to take a dismissal, and 4) whether a motion for summary judgment has been filed by the defendant. *Id*. Accordingly, whether a defendant will suffer plain legal prejudice is often a fact intensive inquiry.

Applying those factors, it is reasonable to presume that all parties (originally, there were 10) have invested substantial time, effort, and expense in litigating, and ultimately amicably resolving the bulk of this matter. If the Court proceeds to the merits of Plaintiff's claims against the Arkansas Defendants and adjudicates a renewed motion for summary judgment, the parties will be required to expend even more time, effort, and money. In addition, although this case has been pending for nearly two years, there is no indication that Plaintiff has delayed the proceedings or been less than diligent in pursuing its claims. Rather, during at least part of that time, the case was stayed because two defendants (who now join in Plaintiff's motion) filed for bankruptcy. Similarly, the Court believes that Plaintiff's stated reason for seeking dismissal is sufficient.

The final factor - whether Defendants have filed a motion for summary judgment - is perhaps the most relevant in this case. In fact, it is the only factor even addressed by the Arkansas Defendants in their response. "While a pending motion for summary judgment is a factor the court may take into account when considering whether to grant a motion for voluntary dismissal, it is not by itself dispositive." *Quiktrak, Inc. v. Hoffman*, No. 1:05-cv-384, 2005 WL 2465735, *3 (W.D. Mich. Oct. 6, 2005) citing *Metro. Fed. Bank of*

3

*Iowa, F.S.B. v. W.R. Grace & Co.*, 999 F.2d 1257, 1262 (8th Cir. 1993).  In this case, the motion for summary judgment, which was filed over one year ago, is not currently pending. Therefore, a decision on the motion (and thus, the merits of the case) is not imminent. Finally, contrary to the Arkansas Defendants' suggestion, this is not a case where the law clearly dictates a favorable result in their favor.  *See Rosenthal v. Bridgestone/Firestone, Inc.*, No. 5:04cv364, 2005 WL 1593906, at *2-3 (N.D. Ohio July 7, 2005).  Rather, even a cursory review of the parties' summary judgment briefs reveals that there are numerous questions of law and fact that have yet to be decided.

In sum, the Arkansas Defendants have not demonstrated that they would be prejudiced to the extent necessary to deny Plaintiff and Defendants Moore and O'Hara's Rule 41 motion.  Moreover, the fact that Defendants may be deprived of the ability to "set up" a subsequent malicious prosecution claim does not constitute the type of prejudice Rule 41 was designed to protect against.

### III.  CONCLUSION

Accordingly, **IT IS ORDERED** that:

(1)     Plaintiff and Defendants Moore and O'Hara's Joint Motion to Enter Judgment and Partial Dismissal (Doc. #71) be, and hereby is, **granted**;

(2)     Plaintiff's claims against the Arkansas Defendants be, and hereby are, **dismissed without prejudice**; and

(3)     This matter is stricken from the active docket of this Court.

This 21st day of August, 2006.

4



Signed By:

*David L. Bunning*

**United States District Judge**

G:\DATA\ORDERS\Cov04\04-206-Rule41Order.wpd